UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :
SHARON REED and MARQUES S. REED,   :
                            Plaintiffs,   :
                                          :               11-CV-7547 (JPO)
                -v-   :
                                          :               OPINION AND ORDER
FRIEDMAN MANAGEMENT CORP., AGENT  :
DAVID DASILVA, and VICLAR REALTY    :
CORP.,   :
                            Defendants.  :
                                           :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Plaintiffs Sharon Reed ("Reed") and her son, Marques S. Reed, brought this action *pro se* alleging that Defendants Friedman Management Corp. ("Friedman"), Viclar Realty Corp. ("Viclar"), and David DaSilva ("DaSilva") wrongfully deprived them of appropriate conditions in and sought to expel them from the apartment in which they lived. Before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is denied.

**I.    Background**

    **A.    Factual Background**[1]

      Plaintiffs, who are African-American,[2] previously resided at an apartment owned by Reed's father located at 1858 7th Avenue, New York, New York. After her father's death in August 2010, Reed met with DaSilva at Friedman's offices and provided proof of income and

---

[1] The following facts are drawn from the Amended Complaint (Dkt. No. 20 ("Am. Compl.")) and are assumed true for purposes of Defendants' motion.

[2] Although Plaintiffs do not specifically allege that they are African-American, the Court draws an inference in their favor based upon their allegation that "[Friedman's] conduct is how they have been doing business with black people for years." (Am. Compl. ¶ 24.)

relation.  DaSilva expressed surprise that she was able to pay rent.  Sometime later, Reed again met with DaSilva to pay rent and report that the refrigerator was not working,[3] but DaSilva would not accept her check or hear her complaint.  As a result, Plaintiffs were without a working refrigerator for more than a year.

In November 2010, Plaintiffs received a notice to vacate from Viclar.  Reed sought relief in the Civil Court for the City of New York and, after proving relation, was ordered to pay back rent and was allowed to remain in the apartment.  Thereafter, without Reed's knowledge, Viclar returned to Civil Court, before a different judge, and claimed that Plaintiffs had failed to provide proof of relation.  That judge declined to admit Plaintiffs' testimony of relation, and Plaintiffs were eventually evicted.  Plaintiffs allege that "Friedman Corp. is 100% responsible for what transpired" and "[t]heir conduct is how they have been doing business with black people for years."  (Dkt. No. 20 ("Am. Compl.") ¶ 24.)

### B. Procedural Background

Plaintiffs initiated this action *pro se* on October 25, 2011.  (Dkt. No. 1.)  In an Opinion and Order dated April 12, 2012, the Court granted Defendants' motion to dismiss, reasoning that Plaintiffs' claims were barred by the doctrine of res judicata because they could have been raised in the Civil Court proceeding and, regardless, the complaint failed to plausibly allege violation of the FHA.  *Reed v. Friedman Mgt. Corp.*, No. 11 Civ. 7547 (JPO), 2012 WL 1267972, *2-3 (S.D.N.Y. Apr. 12, 2012).  On appeal, the Second Circuit reversed, reasoning that Plaintiffs' FHA claims were not barred by res judicata because "the initial forum did not have the power to award the full measure of relief sought in the later litigation," and since Plaintiffs were not so barred, they should have been given an opportunity to amend their FHA claims before the action

---

[3] Plaintiffs also allege that, at an unspecified time, a fifty-pound door frame fell and hit Reed on the head, and that Friedman did not provide Reed and her family with heat or hot water during the winters when she was a child.  (Am. Compl. ¶¶ 21, 24.)

2

was dismissed. *Reed v. Friedman Mgt. Corp.*, 541 Fed. App'x 40, 41-42 (2d Cir. 2013) (citations and quotations omitted). On remand, the Court provided Plaintiffs with that opportunity. (Dkt. No. 17.) Plaintiffs submitted their amended complaint on October 25, 2013, which contains new allegations relating to injuries as well as exhibits in support of proof of relation, but no additional allegations of discrimination. Defendants moved to dismiss on January 17, 2014. (Dkt. No. 30.)

## II.    Legal Standard

On a motion to dismiss for failure to state a claim, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). However, the court will not consider mere conclusory allegations lacking a factual basis, *Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010), or "[t]hreadbare recitals of the elements of a cause of action" amounting to no more than legal conclusions, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not provide a basis for the court to plausibly infer that the defendant is liable for the misconduct alleged, the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). A plaintiff's *pro se* status does not excuse him from compliance with the pleading standards of the Federal Rules of Civil Procedure. *Spataro v. Glenwood Supply*, 2012 WL 4690259, *1 (2d Cir. Oct. 4, 2012). However, *pro se* complaints are held to a less stringent standard than the pleadings drafted by attorneys, and are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**III.    Discussion**

In its prior Opinion and Order, the Court held that Plaintiffs' single allegation that "[Friedman's] conduct is how they have been doing business with black people for years" was inadequate to plausibly state a claim under the FHA.  Plaintiffs' amended complaint does not contain any new allegations of discrimination, and therefore does not materially differ from the original complaint.  Ordinarily, pursuant to the law-of-the-case doctrine, this Court would adhere to its prior ruling.  However, in this case, there are "cogent" and "compelling" reasons to revisit that ruling.  *See, e.g.*, *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (citations and quotations omitted).

The Second Circuit has made it clear that a *pro se* FHA plaintiff need not allege specific facts to survive a motion to dismiss, but rather need only allege facts sufficient to give the defendant fair notice of the substance of the claim and the grounds upon which it rests.  *Boykin v. KeyCorp.*, 521 F.3d 202, 213-14 (2d Cir. 2008) (Sotomayor, J.) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).  Under *Boykin*, the amended complaint is sufficient because it alleges that Plaintiffs were part of a protected class, describes the specific ways in which they were subjected to less favorable treatment than similarly situated persons not in the protected class,[4] and alleges that the reason for such treatment was race.  *Boykin*, 521 F.3d at 214-15.  Because Plaintiffs' allegations, "taken as true, indicate the possibility of discrimination," they "present a plausible claim of disparate treatment" and are not subject to dismissal.[5]  *Id.* at 215-16.  This is not one of

---

[4] While Plaintiffs do not specifically allege that non-African-Americans were treated more favorably, the Court again draws an inference in Plaintiffs' favor based upon the allegation that "[Friedman's] conduct is how they have been doing business with black people for years." (Am. Compl. ¶ 24.)  The only reason to reference "black people" is, of course, to imply that Friedman does not treat non-black people in this manner.  The Court declines to dismiss Plaintiffs' complaint based upon the mere fact that it is "inartfully pleaded."  *Boykin*, 521 F.3d at 214.

4

the "most unsustainable of cases" in which dismissal is proper, and thus Plaintiffs' claims "should be tested on summary judgment." *Id.* at 216.

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Defendants shall file and serve an answer within 14 days.

The Clerk of Court is directed to close the motion at docket number 30.

SO ORDERED.

Dated: July 8, 2014
    New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[5] Defendants also continue to argue that Plaintiffs' claims are barred by the doctrine of res judicata. The Court of Appeals has already held that they are not.

Mailed on July 8, 2014 to:

Sharon Reed
P.O. Box AK 178
Akosombo
West Africa ACCRA Ghana

Marques S. Reed
1858 7th Ave. #2C
New York, NY 10126