UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                    :

SHARON REED AND MARQUES S. REED
                                                                    :

                      Plaintiff,                                    OPINION AND ORDER
                                                                    :

           -v.-                                           11 Civ. 7547 (JPO) (GWG)
                                                                    :

FRIEDMAN MGT. CORP et al.,                    :

                Defendants.                :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Defendants Alfred S. Friedman Management Corp. (sued as "Friedman Mgt. Corp."), Viclar Realty Corp., and David DaSilva have filed a motion pursuant to Fed. R. Civ. P. 37(b)(2)(A), 16(f), and 41(b) seeking dismissal of this case.[1]  For the reasons stated below, this

---

[1] See Notice of Motion, filed May 22, 2015 (Docket # 108); Notice of Motion, filed May 22, 2015 (Docket # 109); Affidavit of Mary A. Jewels, filed May 22, 2015 (Docket # 110); Declaration of Exhibits A Through J of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 111); Declaration of Exhibits K Through M of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 113); Declaration of Exhibits N Through O of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 114); Declaration of Insurance Policy – Part of Exhibit O of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 115); Declaration of Insurance Policy – Part of Exhibit O of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 116); Declaration of Exhibits P Through Q of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 117); Declaration of Exhibits R Through X of Mary A. Jewels in Support of Motion to Dismiss, filed May 22, 2015 (Docket # 112); Memorandum of Law in Support of Defendants Motion to Dismiss, filed May 22, 2015 (Docket # 118) ("Def. Mem."); Declaration of Mary A. Jewels Pursuant to Local Civil Rule 7.1(c), filed May 22, 2015 (Docket # 119); Declaration of Mary A. Jewels Pursuant to Local Civil Rule 7.1(c), filed May 22, 2015 (Docket # 120); Opposition to Defendants Motion to Dismiss, dated June 19, 2015 and filed June 23, 2015 (Docket # 122) ("Sharon Reed June 19 Opp'n"); Reply in Support of Motion to Dismiss, filed July 1, 2015 (Docket # 123) ("Reply"); Letter from Marques Reed, filed July 2, 2015 (Docket # 125); Sur-Reply in Support of Motion to Dismiss, filed July 7, 2015 (Docket # 126) ("Sur-Reply"); Affirmation in Opposition to Motion, filed July 21, 2015 (Docket # 128) ("Marques Reed July 21 Aff'n"); Second Sur-Reply in Support of Motion to Dismiss, filed July 23, 2015 (Docket # 129) ("Second Sur-Reply"); Sur-Reply in Opposition to Defendants Motion

motion is denied, with the possibility of renewing the motion if plaintiffs do not comply with their discovery obligations as specified below.

I.      BACKGROUND

The district court has previously construed the Amended Complaint to raise a claim of racial discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601-19.  See Opinion and Order, filed July 8, 2014 (Docket # 39), at 4 & n.4.  On October 9, 2014, the Court issued an Order scheduling an initial conference pursuant to Fed. R. Civ. P. 16 for October 30, 2014.  See Order for Conference Pursuant to Rule 16, filed Oct. 9, 2014 (Docket # 45).  The Order stated that if plaintiff Sharon Reed was not in the New York City area, she could appear by telephone, and it provided instructions for how she was to do so.  Sharon Reed subsequently sent a letter to the Court in which she requested an adjournment of the conference.  See Letter from Sharon Reed, filed Oct. 23, 2014 (Docket # 50).  That request was denied.  See Order, filed October 28, 2014 (Docket # 51).  Neither plaintiff appeared at the October 30 conference, in person or by telephone.  Accordingly, on October 30, 2014, the Court ordered both plaintiffs to each send a letter to the Court by November 6, 2014, explaining their failure to appear as required by the October 9 Order.  See Order, dated Oct. 30, 2014 (Docket # 53).  The October 30 Order also specifically warned plaintiffs that if they failed to respond, "this case may be dismissed for failure to prosecute under Fed. R. Civ. P. 41." Id. at 1.  Copies of that Order were mailed to Marques Reed and to both addresses provided for Sharon Reed.  See id. at 2.  Defendants' counsel and Marques Reed were requested to email Sharon Reed a copy as well.  See id.  On November 5, 2014, the Court received two letters from Marques Reed that gave his reasons for

---

to Dismiss, filed July 30, 2015 (Docket # 131) ("Sharon Reed July 30 Opp'n").

failing to appear at the October 30 conference. The first letter stated that he understood from Sharon Reed that the conference had been adjourned and that he therefore did not need to attend. See Letter from Marques Reed, filed Nov. 5, 2014 (Docket # 54). This letter also stated that he had not received copies of the Court's Orders in time for the conference because the address he provided to the Court is a mailing address that he does not check regularly (though he provided no other address at which he could be reached). See id. The second letter indicated that he believed the conference would not take place because Sharon Reed would not be present. See Letter from Marques Reed, filed Nov. 5, 2014 (Docket # 55). Sharon Reed never responded to the October 30, 2014 Order. On November 19, 2014, the Court issued an Order to Show Cause and Order Scheduling Conference (Docket # 57), requiring Sharon Reed to show cause why she should not be sanctioned for failure to comply with the two prior orders and rescheduling the initial conference for December 8, 2014. Sharon Reed wrote to request that the conference be adjourned or conducted via email or text message for medical reasons, see Letter from Sharon Reed, filed Dec. 1, 2014 (Docket # 68), which request was denied, see Order, filed Dec. 3, 2014 (Docket # 70). After receiving a letter from an attorney who was contemplating representing plaintiffs — but who ultimately did not appear on their behalf — the Court adjourned the conference. See Order, filed Dec. 5, 2014 (Docket # 73) and annexed letter.

     The initial conference was held on January 16, 2015. Marques Reed attended in person, and Sharon Reed attended by telephone. See Corrected Transcript of Proceedings held on 1/16/15, filed Feb. 6, 2015 (Docket # 78), at 2. At that conference, Sharon Reed reiterated her previous request for an adjournment for medical reasons. See id. at 3. The Court stated that we would need more evidence than what had been provided in order to grant that request — specifically, "a statement from a doctor that gives . . . specific limitations on what you can and

can't do." Id.  At the conference, the Court set February 6, 2015 as the deadline for the parties to exchange document requests, interrogatories, and requests for names of plaintiffs' medical treatment providers.  See id. at 4, 10-11, 15.  The Court also informed the plaintiffs that they would have 30 days to respond to those document requests and produce any documents or answers to the interrogatories.  Id. at 11; accord Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  The Court issued a written order setting deadlines, including February 6, 2015 as the deadline for document requests and interrogatories to be served on the opposing party and April 30, 2015 for the completion of all discovery.  See Order, filed Jan. 21, 2015 (Docket # 74), ¶¶ 2, 4.  The Order stated that "[f]ailure to comply with the terms of this Order may . . . result in sanctions."  Id. ¶ 7.  The Order also required each party to "immediately inform the Court of any change in that party's address or telephone number" and stated that any failure to do so may result in the case being dismissed or a default entered.  Id. ¶ 1.  A paper copy of the Order was sent to Marques Reed, and it was transmitted by ECF to Sharon Reed, who had previously consented to electronic service.  See id. at 2; Consent to Electronic Service, filed Dec. 1, 2014 (Docket # 69).

On February 5, 2015, defendants served on plaintiffs interrogatories, demands for authorizations and information, requests for production of documents, and demands for Medicare disclosure ("defendants' discovery requests").  See Defendants' First Interrogatories to Plaintiffs, filed Feb. 6, 2015 (Docket # 80) ("Defendants' Interrogatories"); Demand for Authorizations and Information, filed Feb. 6, 2015 (Docket # 83); Request for Production of Documents, filed Feb. 6, 2015 (Docket # 85) ("Defendants' Document Requests"); Demand for Medicare Disclosure, filed Feb. 6, 2015 (Docket # 87); see also Ex. M to Declaration of Exhibits K Through M of Mary A. Jewels in Support of Motion to Dismiss (all of defendants' discovery requests annexed to a declaration supporting the instant motion).  Defendants mailed a paper

copy to Marques Reed and served Sharon Reed electronically, by ECF and email.  See Certificates of Service, filed Feb. 6, 2015 (Docket ## 81, 82, 84, 86).  For her part, Sharon Reed filed and served on defendants interrogatories on February 6, 2015.  See Interrogatories to Be Answer [sic] by Defendants, filed Feb. 6, 2015 (Docket # 88) (also annexed as Ex. N to Docket # 114).  Marques Reed did not serve interrogatories or document requests on defendants.  Def. Mem. at 3.

Defendants responded to Sharon Reed's interrogatories on February 26, 2015.  See Response to Plaintiff Sharon Reed's Interrogatories, dated Feb. 26, 2015 and filed Mar. 6, 2015 (Docket # 89) (also annexed as Ex. O to Docket ## 114-16).  On March 12, 2015, defendants filed a deposition notice for both plaintiffs.  See Notice to Take Depositions upon Oral Examination, filed Mar. 12, 2015 (Docket # 91).  On March 13, 2015, defendants' counsel wrote a letter to the Court, indicating that they had not received responses to their discovery requests nor any other communication from plaintiffs with respect to those requests, and requesting an extension of the discovery deadlines.  See Letter from Mary A. Jewels, filed Mar. 13, 2015 (Docket # 93).  On March 20, 2015, the Court entered an order extending the deadline for the completion of all discovery to May 30, 2015.  See Order, filed Mar. 20, 2015 (Docket # 95). That Order also required each of the plaintiffs to file an affidavit, declaration, or letter by March 31, 2015 indicating whether defendants' assertion that plaintiffs had failed to respond to their discovery requests was true and, if so, explaining that failure.  See id.  A paper copy of the Order was sent to Marques Reed, and it was transmitted to Sharon Reed by ECF and email.  See id.; Notice of Entry, filed Mar. 23, 2015 (Docket # 96); Affidavit of Service, filed Mar. 23, 2015 (Docket # 97).

On March 30, 2015, plaintiffs submitted a letter, signed by both Marques Reed and

5

Sharon Reed but apparently written by Sharon Reed, stating "[h]onestly I don't know if I responded to the request or not" and indicating that plaintiffs did not know what defendants wanted from them, though Sharon Reed "sent [t]he defendants something, called interrogatories." Letter from Sharon Reed, filed Mar. 30, 2015 (Docket # 98) ("Plaintiffs' Mar. 30 Ltr."). With respect to Sharon Reed, the letter stated that she was "very sick," looking for an "anthroposophist" in Ghana, and that it was difficult for her to get to an internet café. Id. With respect to Marques Reed, the letter explained that he is homeless and "he could not move around." Id.

The Court entered another Order on April 9, 2015, finding that plaintiffs were in violation of their discovery obligations by failing to respond to the discovery requests. See Order, filed Apr. 9, 2015 (Docket # 99) ("Apr. 9 Order"). These failures notwithstanding, the Court gave plaintiffs "one additional opportunity to respond to the discovery requests" and stated that plaintiffs should contact defendants' counsel directly if they had any questions about what was being asked of them. Id. at 2. Plaintiffs were ordered to respond to defendants' requests by May 7, 2015, and the Order specifically warned plaintiffs that "if they fail to respond to these requests, this case may be dismissed." Id. (emphasis in original). A paper copy of the Order was sent to Marques Reed, and it was sent to Sharon Reed electronically, via ECF and email. See id.; Notice of Entry, filed Apr. 9, 2015 (Docket # 100); Affidavit of Service, filed Apr. 9, 2015 (Docket # 101). On April 16, 2015, Marques Reed submitted a letter informing the Court that his "mother [Sharon Reed] is terribl[y] ill." Letter from Marques Reed, filed Apr. 16, 2015 (Docket # 102). It provided no letter or note from a medical doctor, let alone one that explained Sharon Reed's limitations.

On May 13, 2015, defendants wrote another letter to the Court. See Letter Motion for

6

Extension of Time from Mary A. Jewels, filed May 13, 2015 (Docket # 103) ("Def. May 13 Ltr."). The letter indicated that defendants still had not received responses to most of their discovery demands. See id. at 1. Defendants did state that they had received two authorizations for the release of Marques Reed's medical records that were defective. See id. at 1 & Ex. 2 (copies of the forms Marques Reed filled out and the letter defendants sent in response). Defendants represented that they had returned those authorizations to Marques Reed and provided him with new blank authorizations, but that he had not submitted the new authorizations to them. See id.

On May 21, 2015, the Court issued an Order staying any depositions and all other deadlines in the case "until the issue of plaintiffs' compliance with their written discovery obligations is resolved" and granting defendants leave to file a motion pursuant to Rule 37. Order, filed May 21, 2015 (Docket # 105) ("May 21 Order"), at 1. The May 21 Order warned plaintiffs that if they failed to respond to that motion by the deadline of June 25, 2015 or failed to comply with their discovery obligations in the meantime, "this case may be dismissed." Id. (emphasis in original). A paper copy was sent to Marques Reed, and it was sent to Sharon Reed electronically, via ECF and email. See id.; Notice of Entry, filed May 22, 2015 (Docket # 106); Affidavit of Service, filed May 22, 2015 (Docket # 107). On May 22, 2015, defendants filed the instant motion and supporting papers (Docket ## 108-20).

On June 19, 2015, Sharon Reed submitted an opposition to the defendants' motion. See Sharon Reed June 19 Opp'n. She indicated that she had produced all that defendants requested of her, but also that it was "impossible to list sixty years of our apartments contents." Id. at 1. The opposition was written in the first person, apparently by Sharon Reed, and signed by Sharon Reed only. See id. at 1-2. No letter or note from a medical doctor was included. Defendants

7

replied on July 1, 2015, stating that plaintiffs had "refused to respond to any discovery demanded." Reply, ¶ 6.

On July 2, 2015 — after the June 25 deadline set by the May 21 Order had passed — Marques Reed submitted a letter in response to defendants' reply, claiming that "when my mother [Sharon Reed] entered the opposition to dismissal we both entered the opposition to dismissal" and that Sharon Reed had not received medical authorization forms from defendants, "nor did the defendants state what documents they were requesting." Letter from Marques Reed, filed July 2, 2015 (Docket # 125). Defendants filed a sur-reply on July 7, 2015, which included a confirmation that the email with defendants' discovery requests was delivered to Sharon Reed's address on February 6, 2015, as well as copies of the Social Security Administration Consent for Release of Information, HIPAA Authorization, and Medicare Authorization that were attached to that email. See Sur-Reply, ¶ 4 & Exs. 1-4. Marques Reed filed a further opposition to defendants' motion on July 21, 2015. See Marques Reed July 21 Aff'n. He explained that Sharon Reed did not immediately receive defendants' February 6 email due to "problems with power outages and network failures" in Ghana, where she was staying. Id. at 2. He represented that Sharon Reed had returned the forms to defendants and that he was "trying to fill in the forms and documents the best I can." Id. at 2-3. Defendants filed an additional sur-reply on July 23, 2015. See Second Sur-Reply. It stated that neither plaintiff had responded to defendants' interrogatories and document requests and that neither plaintiff had contacted defendants' counsel to indicate that those requests were not received or to ask questions about them. See id. ¶¶ 4-5. According to defendants, Sharon Reed had returned to them one medical authorization and the Medicare authorization, which was improperly limited in scope, but she made no other responses. Id. ¶ 8. Sharon Reed submitted an additional opposition on July 30,

8

2015, providing her mailing address and enclosing copies of authorization forms that she filled out.  See Sharon Reed July 30 Opp'n at 1, 3-6.[2]  She claimed that "[t]he defendants still have not provided us with what documents they want" and that she was "sure the documents they want are what I have already provide[d] many times before."  Id. at 1.  Finally, she indicated that she and Marques Reed were "cooperating to the best of our ability" with the Court's orders.  Id. at 2.

II.     DISCUSSION

Defendants assert that this case should be dismissed because plaintiffs have failed to follow the Court's orders requiring them to respond to defendants' discovery requests.  See Def. Mem. at 5-14.  While defendants have cited other rules, we address only the standard applicable under Rule 37 as this was the only rule under which defendants were given permission to move.  See May 21 Order at 1.

Rule 37(b)(2)(A) provides that if a party fails to obey a court order to provide discovery, the court may "issue further just orders," including "dismissing the action or proceeding in whole or in part." District courts have wide discretion in fashioning appropriate sanctions for a party's failure to comply with discovery orders.  See S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) ("[T]he text of the rule requires only that the district court's orders be 'just.'") (citation omitted).  Dismissal — the only relief sought by defendants here — is a "drastic remedy" to be used when "alternative, less drastic sanctions" are insufficient.  West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (citation and internal

---

[2] In the future, if plaintiffs file a copy of a document that contains a social security number, they should cross out (or "redact") that number in the copy of the document that is filed with the Court since Court documents are available to the public. (Of course, they should not do this in the original that is provided to defendants, but only on the copy filed with the Court).  The Court has now redacted the social security numbers from the July 30 filing.

quotation marks omitted). Dismissal is justified where "failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." S. New Eng. Tel. Co., 624 F.3d at 144 (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)). Dismissal may be warranted even against a party who is pro se, "so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (citations omitted); see Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (this "harshest of sanctions . . . must be proceeded by particular procedural prerequisites").

The Second Circuit has identified four factors it considers in evaluating whether a district court appropriately dismissed an action as a sanction pursuant to Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co., 624 F.3d at 144 (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). The factors are not exclusive, nor does each one have to be resolved against the party being sanctioned for dismissal to be appropriate. See id. (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991)).

We do not find it necessary to discuss these factors in detail because we find that (1) defendants' discovery requests show some defects; and (2) plaintiffs have made some efforts to respond to the defendants' discovery requests and have professed that they are prepared to comply in the future.

As to the first matter, Rule 33(a)(1) provides that a party may serve no more than 25 interrogatories, including subparts, absent leave of the Court or a stipulation of the parties,

neither of which occurred here. Defendants' interrogatories to plaintiffs, including subparts, number over 100. See Defendants' Interrogatories at 4-19. Moreover, subpart "(b)" of most of the requests violates Local Civil Rule 33.3, which forbids contention interrogatories until "the conclusion of other discovery." See Defendants' Interrogatories Nos. 1, 2, 4-9, 11-50. Additionally, numerous interrogatories ask for a computation of damages with respect to specific allegations in the Amended Complaint. See id. Nos. 42-50. Local Civil Rule 33.3, however, contemplates that initial interrogatories will seek a computation of damages only by "category."

The defendants' document requests, which number 56, also are not helpfully phrased inasmuch as they generally seek documents pertaining to specific allegations of the complaint rather than seeking documents in broader categories. See Defendants' Document Requests at 4-15. It is thus not surprising that plaintiffs found them so daunting to respond to.

Having said all this, the mere fact that the interrogatories were objectionable, and that the document requests were potentially objectionable, does not excuse plaintiffs' conduct entirely. Plaintiffs were obligated to respond to these interrogatories and document requests by at least objecting to them, rather than ignoring them, inasmuch as the Court had specifically ordered plaintiffs to respond. See Apr. 9 Order at 2; see also May 21 Order at 1 (warning plaintiffs that if they failed to comply with their discovery obligations, the case may be dismissed). The Pro Se Office would have been available to explain this obligation to plaintiffs and to explain to them that they could object to defendants' discovery requests. Additionally, the Court specifically instructed plaintiffs to contact defendants' counsel to discuss any questions they had regarding discovery. See Apr. 9 Order at 2. Defendants' counsel reports without contradiction, however, that plaintiffs have never contacted her with regard to those requests. See Letter from Mary A. Jewels, filed Mar. 13, 2015 (Docket # 93), at 1; Second Sur-Reply ¶ 5. Thus, we are not entirely

11

sympathetic to plaintiffs' assertions that they are confused by the discovery requests. See Plaintiffs' Mar. 30 Ltr.; Marques Reed July 21 Aff'n at 3. If plaintiffs had simply contacted defendants' counsel to try to reach an agreement as to their responses, the discussion between the parties might well have resolved the issue.[3]

Nonetheless, given the problems with defendants' discovery requests, given plaintiffs' claims to be willing to comply with their discovery obligations, see Plaintiffs' Mar. 30 Ltr.; Marques Reed July 21 Aff'n; Sharon Reed July 30 Opp'n, and given that both plaintiffs have attempted to fill out authorizations provided by the defendants, see Def. May 13 Ltr. at 1 & Ex. 2; Second Sur-Reply ¶ 8; Sharon Reed July 30 Opp'n at 3-6, the sanction of dismissal — the only sanction sought by defendants — is not warranted at this time.

We instead direct as follows. Defendants shall serve new interrogatories that comply with Local Civil Rule 33.3 and the Federal Rules of Civil Procedure by September 4, 2015. They shall also serve vastly reduced document requests — requests that do not pointlessly track individual allegations of the complaint — by the same date. They shall serve no other discovery requests at this time. Plaintiffs must respond to these requests in writing by September 25, 2015. These responses should be provided directly to defendants' counsel, not filed with the Court. If there is any disagreement or problem with the requests, plaintiffs must telephone defendants' counsel to discuss the problem.

---

[3] We note that many months after the issue was first raised, Sharon Reed has again asserted that medical issues prevent her from responding. She has stated that "[w]e want to comply but at this point, I am very sick. . . ." Plaintiffs' Mar. 30 Ltr; see Sharon Reed July 30 Opp'n at 2. Additionally, Marques Reed has indicated that he had a prior "medical condition" that appears to no longer limit him. Marques Reed July 21 Aff'n at 3. Neither plaintiff has ever submitted a letter from a doctor explaining why their medical conditions prevent them from responding to defendants' discovery requests.

As for the medical authorizations, defendants must specifically identify to plaintiffs what forms are missing or have not been correctly filled out and provide new, blank versions of those forms to plaintiffs by September 4, 2015. They should also supply detailed instructions on how to fill out the form. Plaintiffs must complete and return those authorizations to defendants by September 18, 2015.[4] If plaintiffs have any questions about this process, they must contact defendants' counsel directly for clarification. If defendants are not satisfied with the way the forms have been filled out, they must contact plaintiffs and attempt to resolve the matter.

Because the deadline for making written discovery requests has now passed, all that remains is for plaintiffs to complete their responses. As soon as that has occurred, defendants may consult with plaintiffs as to the scheduling of their depositions and file new notices of depositions, which shall be completed by November 20, 2015.

III.   CONCLUSION

For the reasons stated above, defendants' motion (Docket ## 108, 109) is denied, with the understanding that defendants may seek the Court's permission to renew it in the future in the event plaintiffs do not comply with the directives in this Opinion and Order. Once again, plaintiffs are warned that if they fail to comply with their discovery obligations, this case may be dismissed.

---

[4] Marques Reed has indicated that "the hospital has no records of" a particular medical condition. See Marques Reed July 21 Aff'n at 3. Mr. Reed is directed to contact Ms. Jewels to discuss this issue.

SO ORDERED.

Dated: August 24, 2015
      New York, New York

                                             GABRIEL W. GORENSTEIN
                                             United States Magistrate Judge

Copy sent to:

Marques S. Reed
c/o Kenneth Golden
440 West105th Street, Apt. 6D
New York, New York, 10029

Sharon Reed and Counsel by ECF